UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OLIVER CONOVER,

          Plaintiff,

vs.

THE GOODYEAR TIRE & RUBBER COMPANY
and TOM KUCZMA,

          Defendants.
_____

**ATTORNEY AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

Civil No.: 1:17-cv-00486

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF ERIE        )

KENNETH L. BOSTICK, JR., being duly sworn deposes and states:

1.    I am an attorney at law and an associate of the law firm of Goldberg Segalla LLP, counsel for Defendant The Goodyear Tire & Rubber Company ("Goodyear") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances surrounding this action and the matters stated herein.

2.    This affidavit is respectfully submitted in support of Goodyear's motion pursuant to Federal Rule of Civil Procedure 14(a) for leave to file a third-party complaint against plaintiff's employer, Genuine Parts Company.

**Procedural History and Background**

3.    On or about May 4, 2017, plaintiff Oliver Conover, commenced this negligence action by filing a summons and complaint in the Supreme Court of the State of New York in the County of Erie. A copy of plaintiff's summons and complaint is attached as **Exhibit A**.

22641688.v1

4.	Goodyear filed its Answer on or about June 7, 2017 after removing this action to the Federal District Court for the Western District of New York. A copy of Goodyear's Answer is attached as **Exhibit B**.

5.	In his complaint, plaintiff alleges that he sustained injuries at a Goodyear auto service center when he slipped and fell on snow and ice on the premises located at 1355 Main Street in Buffalo, New York. *See Exhibit A* at ¶¶ 7-8.

6.	At the time of the alleged incident, plaintiff was attempting to deliver auto parts to Goodyear in his capacity as an employee of Genuine Parts Company, which does business as Napa Auto Parts. *See Exhibit A* at ¶ 7.

7.	At the time of the alleged incident, Genuine Parts Company and Goodyear were parties to a Master Supply Agreement whereby Genuine Parts Company was required to provide services and parts to Goodyear. A copy of the Master Supply Agreement is attached as **Exhibit C**.

8.	The Master Supply Agreement further requires Genuine Parts Company to indemnify Goodyear from and against suits arising out of, based upon, or resulting from the acts or omissions of Genuine Parts Company, including its employees, and including any claim of injury or death of any person for which Genuine Parts Company is obligated to pay and/or provide to its agents or employees workers' compensation benefits. *See Exhibit C*, at Section 9.1(a).

9.	Specifically, Section 9.1(a) of the Master Supply Agreement provides:

Supplier [Genuine Parts Company] shall indemnify, defend and hold harmless Goodyear, its Affiliates and their respective officers, directors, employees and agents from and against any and all Losses, and any suits, actions, proceedings, claims or demands **arising out of, based upon, or resulting from the acts or omissions of Supplier [Genuine Parts Company], any subcontractor or**

>**delegee of Supplier [Genuine Parts Company] or any of their respective agents <u>or employees</u>** in connection herewith, including any of the following:
>
>…
>
>(iii) any claim of injury or death of any person for which Supplier [Genuine Parts Company], and subcontractor or delegee of Supplier [Genuine Parts Company] or any of their respective agents, is obligated to pay and/or to provide to its agents or employees worker's compensation benefits… (emphasis added).

10. It was not until after discovery was substantially complete and after two mediation sessions that Goodyear became aware of Genuine Parts Company's indemnity obligation.

11. Goodyear tendered its defense to Genuine Parts Company by letters dated September 26, 2018 and December 19, 2018. Copies of the letters are attached as **Exhibit D**.

12. Despite its obligation, and despite due demand, Genuine Parts Company has refused to assume the defense and indemnification of Goodyear.

13. Goodyear has attempted to avoid the necessity of a third-party action by attempting in good faith to resolve the action with plaintiff. To that end, a representative from Goodyear traveled to from Akron, Ohio to Buffalo, New York to participate in a mediation session in September 2018.

14. Despite the good faith efforts by both parties to resolve the action, it has become apparent that the parties' respective positions on a fair settlement value are too far apart to reach an agreement, largely due to a considerable workers' compensation lien on any potential recovery.

15. Having been unable to resolve the action despite good faith attempts to do so, and because Genuine Parts Company is contractually obligated to defend and indemnify Goodyear, Goodyear now seeks leave to file a third-party action against Genuine Parts Company to assert a

cause of action for contractual indemnification.  A copy of the Proposed Third-Party Complaint (without its exhibit – the Master Supply Agreement – attached) is attached as **Exhibit E**.

16.     As discussed more fully in the accompanying Memorandum of Law, Goodyear's motion should be granted because the benefits of impleader outweigh the possibility of prejudice to any party or non-party.  Moreover, all four relevant considerations favor granting leave to implead Genuine Parts Company.

17.     For the reasons stated above, and in the accompanying Memorandum of Law, Goodyear respectfully requests an Order of this Court granting Goodyear leave to file a third-party action against Genuine Parts Company, together with such other and further relief as to this Court seems just and proper.

_____
KENNETH L. BOSTICK, JR.

Subscribed and sworn to before me this
4th day of April, 2019.

_____
Notary Public

LINDA A. SIERS
Notary Public, State of New York
Qualified in Erie County
My Commission Expires December 9, 20__