# EXHIBIT B

Case 1:17-cv-00486-LJV-HBS   Document 30-3   Filed 04/04/19   Page 1 of 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OLIVER CONOVER,

        Plaintiff,

vs.

THE GOODYEAR TIRE & RUBBER COMPANY
and TOM KUCZMA,

        Defendants.

**ANSWER**

Civil No.: 1:17-cv-00486

---

    Defendant The Goodyear Tire & Rubber Company ("Goodyear"), by and through its attorneys, Goldberg Segalla LLP, states as follows for its answer to Plaintiff's Complaint:

    1.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of Plaintiff's Complaint.

    2.    In response to the allegations contained in paragraph 2 of Plaintiff's Complaint, admits that Goodyear is an Ohio corporation with its principal place of business and headquarters in Akron, Ohio. Goodyear owns and operates automobile service centers within the State of New York. Goodyear denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

    3.    In response to the allegations contained in paragraph 3 of Plaintiff's Complaint, Goodyear admits that defendant, Tom Kuczma, is a Service Manager at the premises located at 1355 Main Street in Buffalo, New York. Goodyear denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

    4.    Admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

    5.    Admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6775187.1

6. Responds to each allegation incorporated into paragraph 6 of Plaintiff's Complaint consistent with the responses set forth above.

7. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Responds to each allegation incorporated into paragraph 13 of Plaintiff's Complaint consistent with the responses set forth above.

14. Denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Plaintiff's Complaint is barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The court does not have jurisdiction over Goodyear by reason of improper service of process.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. The damages alleged in Plaintiff's Complaint were caused in whole or in part by culpable conduct attributable to plaintiff. Any recovery should be diminished in the proportion which plaintiff's culpability bears to the conduct which caused the alleged damages, pursuant to CPLR Section 1411.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. The damages alleged in Plaintiff's Complaint were caused or contributed to by the culpable conduct attributable to others over whom Goodyear neither had, nor exercised, any control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. Each damage or injury alleged in Plaintiff's Complaint was proximately caused by the superseding intervention of causes beyond the control of Goodyear.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. Plaintiff failed to mitigate his damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff assumed the risk of injury.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. All risks and dangers as alleged in Plaintiff's Complaint were open, obvious and apparent.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Each item of economic loss alleged in Plaintiff's Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources. Pursuant to CPLR 4545, any judgment recovered by Plaintiff herein must be reduced to the extent Plaintiff's economic losses have been replaced or indemnified by collateral sources.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28. Any damages allegedly recoverable by Plaintiff are limited by Article 16 of the CPLR.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29. Any judgment entered in favor of plaintiff should be reduced pursuant to General Obligations Law section 15-108 by the stipulated amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to Plaintiff for the damages alleged in the complaint; or in the amount of the released person's equitable share of the damages, whichever is the greatest.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's Complaint is barred by the doctrine of laches.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

31. Defendant, Tom Kuczma was fraudulently added as a defendant without any personal liability for the purported accident.

**WHEREFORE**, Defendant, Goodyear, demands judgment against Plaintiff dismissing the Complaint, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
June 7, 2017

                          GOLDBERG SEGALLA LLP

                          By: *s/Kenneth L. Bostick, Jr.*
                              Marc W. Brown
                              Kenneth L. Bostick, Jr.
                              *Attorneys for Defendant*
                              *The Goodyear Tire & Rubber Company*
                              665 Main Street, Suite 400
                              Buffalo, New York 14203

716-566-5400
mwbrown@goldbergsegalla.com
kbostick@goldbergsegalla.com

To: FLYNN WIRKUS YOUNG, P.C.
Scott R. Orndoff, Esq.
*Attorney for Plaintiff*
534 Delaware Avenue, Suite 014
Buffalo, New York 14202
716-858-3112
sorndoff@flynnwirkus.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OLIVER CONOVER,

            Plaintiff,            **CERTIFICATE OF SERVICE**

                                                Civil No. 1:17-cv-00486

vs.

THE GOODYEAR TIRE & RUBBER COMPANY
and TOM KUCZMA,

            Defendants.

I hereby certify that a true and correct copy of the foregoing Answer was served upon the following, on the 7th day of June 2017, via regular mail, postage prepaid:

Scott R. Orndoff, Esq.
FLYNN WIRKUS YOUNG, P.C.
*Attorney for Plaintiff*
534 Delaware Avenue, Suite 014
Buffalo, New York 14202
(716) 858-3112

Dated: Buffalo, New York
            June 7, 2017

                                      GOLDBERG SEGALLA LLP

                                      By: *s/Kenneth L. Bostick, Jr.*
                                          Marc W. Brown,
                                          Kenneth L. Bostick, Jr.
                                          *Attorneys for Defendant,*
                                          *The Goodyear Tire & Rubber Company*
                                          665 Main Street, Suite 400
                                          Buffalo, New York 14203
                                          716-566-5400
                                          mwbrown@goldbergsegalla.com
                                          kbostick@goldbergsegalla.com