# EXHIBIT D

Case 1:17-cv-00486-LJV-HBS   Document 30-5   Filed 04/04/19   Page 1 of 5



**GOLDBERG SEGALLA**<sup>LLP</sup>

Kenneth L. Bostick, Jr. | Associate
Direct 716.844.3456 | kbostick@goldbergsegalla.com

September 26, 2018

Genuine Parts Company
**Attn: Dennis P. Tolivar**
2999 Circle 75 Parkway
Atlanta, Georgia 30339

Genuine Parts Company
**Attn: Kathleen Eidbo**
2999 Wildwood Parkway
Atlanta, Georgia 30339

Re:   Oliver Conover v. The Goodyear Tire & Rubber Co.
      Civil Index No: 1:17-cv-00486

Dear Mr. Tolivar and Ms. Eidbo:

This office represents Defendant The Goodyear Tire & Rubber Company ("Goodyear"), in the above-referenced litigation, which was commenced on May 4, 2017 in New York State Supreme Court, County of Erie, and was removed to the United States District Court for the Western District of New York (the "Action"). A copy of the Summons and Complaint are enclosed for your reference. We write to tender the defense of Goodyear and demand indemnification from Genuine Parts Company ("Genuine Parts") and/or its insurers with regard to the Action.

By way of background, the Action arises out of plaintiff Oliver Conover's alleged slip and fall at a Goodyear auto service center located at 1355 Main Street in Buffalo, New York on January 19, 2015. At the time of his alleged fall, Mr. Conover was in the process of delivering brake pads to Goodyear in the course of his employment with Genuine Auto Parts.

At the time of Mr. Conover's alleged fall, Goodyear and Genuine Auto Parts were parties to a "Master Supply Agreement For Auto Parts" (the "Master Supply Agreement"), which became effective as of August 1, 2013. Article 9 of the Master Supply Agreement, entitled "Indemnification; Insurance," requires Genuine Parts to defend and indemnify Goodyear with respect to Mr. Conover's claims in the Action. Specifically, Section 9.1(a)(iii) provides:

> Supplier [Genuine Auto Parts] shall indemnify, defend and hold harmless Goodyear, its Affiliates and their respective officers, directors, employees and agents from and against any and all Losses, and any suits, actions, proceedings, claims or demands arising out of, based upon, or resulting from the acts or omissions of Supplier [Genuine Auto Parts], any subcontractor or delegee of Supplier [Genuine Auto Parts] or any of their respective agents or employees in connection herewith, including any of the following:
>
> …
>
> (iii) any claim of injury or death of any person for which Supplier [Genuine Auto Parts], and subcontractor or delegee of Supplier [Genuine Auto Parts] or any of their respective agents, is obligated to pay and/or to provide to its agents or employees worker's compensation benefits…

665 Main Street | Buffalo, NY 14203-1425 | 716.566.5400 | Fax 716.566.5401 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | FLORIDA | CALIFORNIA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM

20851218.v1

September 26, 2018
Page 2

      There is no question that Mr. Conover's claims in the Action trigger Section 9.1(a)(iii) of the Master Supply Agreement, which requires Genuine Auto Parts to indemnify, defend and hold harmless Goodyear against any claim of injury for which Genuine Auto Parts is obligated to pay and/or to provide worker's compensation benefits. Mr. Conover submitted his C-3 Employee Claim Form to the New York State Workers' Compensation Board on or about January 21, 2015, two days after the alleged incident. A copy of Mr. Conover's C-3 Form is enclosed for your reference. We have also enclosed the Employer's Statement of Wage Earnings Form, which was submitted to the Workers' Compensation Board by Genuine Parts Company on May 28, 2015. The Employer's Statement of Wage Earnings Form leaves no doubt that Genuine Auto Parts is responsible for providing Workers' Compensation benefits to Mr. Conover for his alleged injuries in the Action.

      Additionally, Section 9.2 of the Master Supply Agreement requires Genuine Auto Parts to maintain general liability insurance naming Goodyear as an additional insured. Section 9.2 provides an additional, independent obligation requiring Genuine Auto Parts to indemnify and assume the defense of Goodyear in the Action.

      For the reasons above, Goodyear hereby demands that Genuine Parts and/or its insurer(s) immediately assume the defense of Goodyear in the Action and provide indemnity for Mr. Conover's claims. Please be advised that, should Genuine Auto Parts decline this tender, Goodyear will pursue all necessary legal action against Genuine Auto Parts to enforce the unambiguous terms of the Master Supply Agreement.

      Should you have any questions or wish to further discuss this tender of Goodyear's defense, please do not hesitate to contact me.

      Very truly yours,

      **GOLDBERG SEGALLA LLP**

      Kenneth L. Bostick, Jr.

Enclosures



**GOLDBERG SEGALLA**<sup>LLP</sup>

Kenneth L. Bostick, Jr. | Associate
Direct 716.844.3456 | kbostick@goldbergsegalla.com

December 19, 2018

Ernest L. Wetzler II
Associate Counsel
Genuine Parts Company Legal Department
2999 Wildwood Parkway
Atlanta, Georgia 30339

    Re:    Oliver Conover v. The Goodyear Tire & Rubber Co.
             Civil Index No: 1:17-cv-00486

Dear Mr. Wetzler:

    Please accept this letter as a response to your letter dated October 8, 2018, in which Genuine Parts Company ("GPC") denied the request for defense and indemnification from The Goodyear Tire and Rubber Company ("Goodyear") on the basis that Plaintiff Oliver Conover's ("Mr. Conover") Complaint does not allege that any GPC act or omission contributed to his alleged injuries. For the reasons below, Goodyear reiterates and reaffirms the position set forth in its September 26, 2018 letter to GPC, and demands that GPC immediately agree to defend and indemnify Goodyear in the above-referenced action.

    Initially, although Mr. Conover's personal injury action is pending in the Western District of New York, the Master Supply Agreement For Auto Parts" ("Master Supply Agreement") is governed by Ohio Law. Paragraph 15.10 entitled "Governing Law" provides as follows:

> The validity, enforceability, performance and construction of the terms, provisions and conditions of this Agreement shall be governed by the laws of the State of Ohio, without regard to its choice of law principles or conflicts of law principles.

    Under Ohio law, there is no disputing that GPC is required to defend and indemnify Goodyear for the claims brought by Mr. Conover.

    We understand from your October 8, 2018 letter that GPC has denied Goodyear's tender on the basis that "there are no allegations that an act or omission of GPC being present which would trigger the indemnification language contained in the 2013 Master Supply Agreement." However, the plain language of the Master Supply Agreement makes clear that the indemnification clause is triggered when the claims arise out of the acts or omissions of GPC's employees. Indeed, a corporation can only act through its agents and employees. *See State ex rel. Lyburn Constr. Co. v. Indus. Com. of Ohio*, 14 Ohio App. 3d 56, 58 (Ohio App. 1984) ("A corporation acts only through its employees.").

    Specifically, Section 9.1(a) of the Master Supply Agreement provides:

> Supplier [Genuine Parts Company] shall indemnify, defend and hold harmless Goodyear, its Affiliates and their respective officers, directors, employees and

665 Main Street | Buffalo, NY 14203-1425 | 716.566.5400 | Fax 716.566.5401 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | FLORIDA | CALIFORNIA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM

21380385.v1

December 19, 2018
Page 2

>  agents from and against any and all Losses, and any suits, actions, proceedings, claims or demands **arising out of, based upon, or resulting from the acts or omissions of Supplier [Genuine Parts Company], any subcontractor or delegee of Supplier [Genuine Parts Company] or any of their respective agents <u>or employees</u>** in connection herewith, including any of the following:
>
> ...
>
> (iii) any claim of injury or death of any person for which Supplier [Genuine Parts Company], and subcontractor or delegee of Supplier [Genuine Parts Company] or any of their respective agents, is obligated to pay and/or to provide to its agents or employees worker's compensation benefits... (emphasis added)

Because Mr. Conover was injured in the course of his employment with GPC, it cannot be reasonably disputed that his claims arose out of the actions of a GPC employee. Moreover, Section 9.1(a)(iii) dispels any doubt that the parties intended that GPC would defend and indemnify Goodyear for the actions of GPC's employees. Section 9.1(a)(iii) expressly provides that GPC is required to defend and indemnify Goodyear for any claims arising out of injuries to persons for which GPC is required to provide worker's compensation benefits. Mr. Conover unquestionably falls into that category, as evidenced by the documentation provided to you with our September 26, 2018 letter.

Under Ohio law, as in most states, nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used. *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238, 240 (1987). Here, the parties have clearly expressed an intention that GPC will defend and indemnify Goodyear for claims arising out of the acts or omissions of its own employees.

Significantly, there is no language in the indemnification provision that limits its application to claims arising out of *negligent* acts or omissions by a GPC employee. Thus, whether Mr. Conover's conduct at the time of the incident was negligent has no bearing whatsoever on GPC's obligation to defend and indemnify Goodyear.

Accordingly, Goodyear reiterates and affirms its demand that GPC and/or its insurer(s) immediately assume the defense of Goodyear in the above-referenced action and provide indemnity for Mr. Conover's claims. Should you have any questions or wish to further discuss this tender of Goodyear's defense, please do not hesitate to contact me.

Very truly yours,

GOLDBERG SEGALLA LLP

Kenneth L. Bostick, Jr.

cc: Scott A. Richardson, Esq.

21380385.v1