# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OLIVER CONOVER,

            Plaintiff,

vs.

THE GOODYEAR TIRE & RUBBER COMPANY
and TOM KUCZMA,

            Defendants.

---

THE GOODYEAR TIRE & RUBBER COMPANY,

            Defendant/Third-Party Plaintiff,

vs.

GENUINE PARTS COMPANY,

            Third-Party Defendant.

---

**PROPOSED THIRD-PARTY COMPLAINT**

Civil No.: 1:17-cv-00486

Defendant/Third-Party Plaintiff THE GOODYEAR TIRE & RUBBER COMPANY, (hereinafter "Goodyear"), by and through its attorneys, Goldberg Segalla LLP, as and for a Third-Party Complaint against GENUINE PARTS COMPANY, alleges the following:

1. Goodyear is a foreign business corporation duly authorized to conduct business in the State of New York, and has a principal place of business in Ohio.

2. Genuine Parts Company is a foreign business corporation authorized to conduct business in the State of New York, and has a principal place of business at 2999 Wildwood Parkway, Atlanta, Georgia, 30339.

3. Plaintiff, Oliver Conover, is a resident of the City of Buffalo located within the County of Erie and the State of New York.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5. On or about August 1, 2013, Genuine Parts Company entered into a contract with Goodyear whereby Genuine Parts Company was required to provide services and parts to Goodyear. The contract further requires Genuine Parts Company to indemnify Goodyear from and against suits arising out of, based upon, or resulting from the acts or omissions of Genuine Parts Company, including its employees, and including any claim of injury or death of any person for which Genuine Parts Company is obligated to pay and/or provide to its agents or employees workers' compensation benefits. A copy of the contract is attached as **Exhibit A**.

6. Plaintiff Oliver Conover alleges that he sustained personal injuries on January 19, 2015, at a Goodyear Auto Service Center located at 1355 Main Street, in the City of Buffalo, New York, while in the course of his employment with Genuine Parts Company.

7. Plaintiff Oliver Conover's presence at the Goodyear Auto Service Center on January 19, 2015 was pursuant to the contract between Goodyear and Genuine Parts Company.

8. Plaintiff Oliver Conover applied for and received workers' compensation benefits from Genuine Parts Company for the incident described in his Complaint.

### AS AND FOR THE FIRST CAUSE OF ACTION

9. Goodyear repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "8" as if set forth at length herein.

10. By the terms of the contract, Genuine Parts Company agreed to defend Goodyear, against all claims, damages, loss and expenses, including attorney's fees, arising out of, based

upon, or resulting from the acts or omissions of Genuine Parts Company, including its employees, and including any claim of injury or death of any person for which Genuine Parts Company is obligated to pay and/or provide to its agents or employees workers' compensation benefits.

11. By the terms of the contract, Genuine Parts Company is required to defend and indemnify Goodyear in this matter.

12. Demand has been duly made upon Genuine Parts Company to defend and indemnify Goodyear in this matter. To date, Genuine Parts Company has failed and/or refused to assume the defense and indemnification of Goodyear.

13. If plaintiff suffered any damages or injuries due to any fault other than their own, such damages or injuries were caused in whole or in part by reason of the acts or omissions of Genuine Parts Company.

14. If the plaintiff recovers any judgment against Goodyear, Goodyear will be entitled to contractual indemnification and/or contribution from Genuine Parts Company for all or part of any such judgment plus attorney's fees, costs and disbursements.

**WHEREFORE**, in the event that judgment is rendered in favor of the plaintiff against Goodyear, Goodyear demands judgment over and against the Third-Party Defendant for all or part of such judgment, together with costs, counsel fees, disbursements, and such other and further relief as to the court may seem just and proper and, regardless of the success of the plaintiff, Goodyear demands judgment against the Third-Party Defendant to indemnify Goodyear for all costs, disbursements and counsel fees associated with the defense of this action and the prosecution of the third-party action.

Dated: Buffalo, New York
April ___, 2019

**GOLDBERG SEGALLA LLP**

22638622.v1

                                                              <u>/s/ Kenneth L. Bostick, Jr.</u>
                                                              Kenneth L. Bostick, Jr., Esq.
*Attorneys for Defendant/Third-Party Plaintiff*
THE GOODYEAR TIRE & RUBBER COMPANY
665 Main Street, Suite 400
Buffalo, New York 14203

TO:    GENUINE PARTS COMPANY,
         Third Party Defendant
         2999 Wildwood Parkway,
         Atlanta, Georgia, 30339

CC:    Scott R. Orndoff, Esq.
         FLYNN WIRKUS YOUNG, P.C.
         *Attorneys for Plaintiff*
         534 Delaware Avenue, Suite 014
         Buffalo, New York 14202
         (716) 858-3112

22638622.v1