UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OLIVER CONOVER,

        Plaintiff,

                                        Civil No.: 1:17-cv-00486

vs.

THE GOODYEAR TIRE & RUBBER COMPANY
and TOM KUCZMA,

        Defendants.
_____

**DEFENDANT GOODYEAR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
<u>FOR LEAVE TO IMPLEAD GENUINE PARTS COMPANY</u>**

GOLDBERG SEGALLA LLP

*Attorneys for Defendant*
*The Goodyear Tire & Rubber Company*
665 Main Street, Suite 400
Buffalo, New York 14203
(716) 566-5400
<u>kbostick@goldbergsegalla.com</u>

*Of Counsel:*
Kenneth L. Bostick, Jr.

22464697.v1

- 2 -

## PRELIMINARY STATEMENT AND BACKGROUND

Defendant The Goodyear Tire & Rubber Company ("Goodyear"), respectfully submits this memorandum of law in support of its motion, pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, for leave to file a third-party action against Genuine Parts Company.

This action arises out of plaintiff Oliver Conover's alleged slip and fall on January 19, 2015 in the parking lot area of a Goodyear Auto Service Center located at 1355 Main Street, Buffalo, New York. At the time of the incident, plaintiff was in the process of delivering auto parts to Goodyear in his capacity as an employee of Genuine Parts Company.

After discovery was nearly complete, it was discovered that Genuine Parts Company is obligated to defend and indemnify Goodyear in this action pursuant to a Master Supply Agreement (the "Agreement") dated August 1, 2013. Accordingly, Goodyear tendered its defense to Genuine Parts Company by letters dated September 26, 2018 and December 19, 2018. Despite its obligation, Genuine Parts Company denied Goodyear's tender in response to both letters.

Because Genuine Parts Company is contractually obligated to defend and indemnify Goodyear, Goodyear now seeks leave to file a third-party action against Genuine Parts Company. For the reasons below, Goodyear's motion should be granted.

22464697.v1

- 3 -

## ARGUMENT

Under Fed. R. Civ. P. 14(a), a "defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "The rule 'was designed to permit the liberal joinder of parties so that judicial energy could be conserved and consistency of results guaranteed.'" State of N.Y. v. Solvent Chem. Co., 875 F. Supp. 1015, 1021 (W.D.N.Y. 1995) (*quoting* Olympic Corp. v. Societe Generale, 462 F.2d 376, 379 (2d Cir.1972)). "Its purpose is 'to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against [a third party] who may be secondarily or derivatively liable.'" Id. (quoting McLaughlin v. Biasucci, 688 F.Supp. 965, 967 (S.D.N.Y. 1988)). "The traditional grounds for a third-party action are indemnification, contribution, or subrogation." Falcone v. MarineMax, Inc., 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009).

The decision to grant or deny a motion pursuant to Fed. R. Civ. P. 14(a) rests in the sound discretion of the trial court. See M.O.C.H.A. Soc'y, Inc. v. City of Buffalo, 272 F. Supp. 2d 217, 220 (W.D.N.Y. 2003). "Timely motions for leave to implead non-parties should be freely granted to promote this efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 459 (S.D.N.Y. 1984).

Thus, in deciding this motion pursuant to Fed. R. Civ. P. 14(a), the Court should consider: "(1) whether the defendant deliberately delayed or was derelict in filing the motion; (2) whether impleading a new party would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." M.O.C.H.A. Soc'y, Inc., 272 F.

Supp. 2d at 220. On balance, the factors weigh in favor of allowing Goodyear leave to file its Third-Party Complaint.

### A. Goodyear Did Not Deliberately Delay and Was Not Derelict in Filing this Motion.

While Goodyear acknowledges the length of time between the filing of its Answer and this motion, Goodyear has not deliberately delayed filing this motion. Rather, much of the delay can be fairly attributed to the parties' good faith efforts to resolve this matter short of further judicial intervention.

The parties worked diligently through discovery, completing all fact and expert discovery (excluding expert depositions) with only one extension of the Case Management Order. As discovery progressed, the parties were continuously engaged in good faith attempts to resolve the action through mediation. To that end, the parties participated in mediation sessions on October 10, 2017 and August 28, 2018, both of which were attended by plaintiff. The second session was attended by both plaintiff and a representative of Goodyear, who traveled to Western New York from Akron, Ohio. Moreover, the mediator has maintained consistent contact with the parties throughout the life of this case.

It was not until after the second mediation session that Goodyear first became aware of the Genuine Parts Company's indemnity obligations. Once it was determined that the indemnification provision in the Agreement was valid and legally binding on Genuine Parts Company, Goodyear promptly tendered its defense to Genuine Parts Company. Then, when the tender was denied, Goodyear reaffirmed its tender to no avail.

While Goodyear recognizes that this motion is being filed after the Court's deadline to file motions to add additional parties to the action, Goodyear respectfully submits that the efforts

22464697.v1

of the parties to resolve this matter short of adding third parties is a reasonable justification for the delay.

Goodyear also submits that the mere fact that there has been a delay does not require the denial of a motion pursuant to Fed. R. Civ. P. 14(a). For instance, in State of N.Y. v. Solvent Chem. Co., 875 F. Supp. 1015 (W.D.N.Y. 1995), third-party plaintiffs were granted leave to implead the third-party defendants after more than a decade of litigation had already passed. The Court held that the benefits of allowing impleader, particularly the judicial resources preserved by avoiding the necessity of litigating the proposed third-party claims in a separate action, outweighed the potential prejudice caused by the delay. Id. at 1021.

The Court should reach the same conclusion here, where the benefits of impleader similarly outweigh the potential prejudice caused by the delay in filing this motion, as explained in further detail below.

Because the benefits of impleader outweigh any potential prejudice, and because Goodyear did not intentionally delay filing this motion, the first factor weighs in favor of impleader.

    **B.**    **Impleading Genuine Parts Company will not Delay or Unduly Complicate the Trial.**

The third-party claims against Genuine Parts Company will not delay or unduly complicate the trial of this action. Goodyear's contractual indemnification claim against Genuine Parts Company does not present a complex issue and does not require substantial discovery, if any at all. It is a simple matter of contract interpretation.

Moreover, because trial has not yet been scheduled, any time necessary for Genuine Parts Company's counsel to "get up to speed" can easily be accomplished well before the trial begins.

22464697.v1

To that end, Goodyear agrees to provide counsel for Genuine Parts Company all discovery that has been previously exchanged within ten (10) days after his or her appearance in the action.

Notably, allowing impleader under these circumstances would advance the purpose of Fed. R. Civ. P. 14(a), which "is to avoid two actions which should be tried together to save the time and cost of a re-duplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant." Dery v. Wyer, 265 F.2d 804, 806-807 (2d Cir. 1959). Goodyear's third-party claims arise out of the same facts and circumstances as plaintiff's claims. Therefore, the third-party claims should be tried together with plaintiff's claims to save the time and cost of a separate action, and to prevent the possibility of inconsistent results between the two actions.

Because impleader would promote judicial economy and would not delay or unduly complicate the trial of this matter, this factor also weighs in favor of granting Goodyear's motion.

C.   **Impleading Genuine Parts Company would not Prejudice Any Party.**

Impleading Genuine Parts Company would not result in prejudice to plaintiff. As noted above, the trial date has not yet been set and Goodyear's contractual indemnification claim requires little, if any further discovery. Even if a minimal amount of additional discovery is necessary, it has been held that any prejudice to plaintiff due to the need to conduct additional discovery is "sufficiently outweighed by the benefits of more efficient litigation to be gained by permitting impleader." Gross v. Hanover Ins. Co., 138 F.R.D. 53, 56 (S.D.N.Y. 1991). A trial date has not yet been set and Goodyear agrees to complete any necessary discovery on whatever expedited basis the Court deems appropriate.

To the extent that the Court considers any prejudice to Genuine Parts Company, there is none. Whether by third-party action or by a separate action, Goodyear intends to pursue its contractual indemnification claim against Genuine Parts Company. In that regard, its participation in this action as a third-party defendant, as opposed to defending itself in a separate action, is likely to limit its litigation costs and expenses. Given the lack of prejudice to the plaintiff or the proposed third-party defendant, this third factor also favors allowing impleader.

### D. The Proposed Third-Party Complaint States a Claim Upon Which Relief Can be Granted.

In the context of a motion pursuant to Fed. R. Civ. P. 14(a), the court considers the merits of the proposed third-party claims only to the extent claims that they "would foster an obviously unmeritorious claim." Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 142 (S.D.N.Y. 2003); Farrell Family Ventures, LLC v. Sekas Assocs., LLC, 863 F. Supp. 2d 324, 331 (S.D.N.Y. 2012) (noting the liberal standard of review under a Rule 14(a) analysis). In performing this analysis, the court will apply the applicable state substantive law to determine whether there is a basis for third-party liability. See White v. ABCO Eng'g Corp., 221 F.3d 293, 307 (2d Cir. 2000). Here, Goodyear's contractual indemnification claim against Genuine Parts Company is not "obviously unmeritorious" under the applicable law.

Initially, it is important to note that the Agreement between Goodyear and Genuine Parts Company is governed by Ohio Law. Paragraph 15.10 of the Agreement, entitled "Governing Law", provides as follows:

> The validity, enforceability, performance and construction of the terms, provisions and conditions of this Agreement shall be governed by the laws of the State of Ohio, without regard to its choice of law principles or conflicts of law principles.

22464697.v1

Under the circumstances of this case, Ohio courts would enforce the indemnification provision in the Agreement against Genuine Parts Company. Specifically, Section 9.1(a) of the Master Supply Agreement provides:

> Supplier [Genuine Parts Company] shall indemnify, defend and hold harmless Goodyear, its Affiliates and their respective officers, directors, employees and agents from and against any and all Losses, and any suits, actions, proceedings, claims or demands **arising out of, based upon, or resulting from the acts or omissions of Supplier [Genuine Parts Company], any subcontractor or delegee of Supplier [Genuine Parts Company] or any of their respective agents <u>or employees</u>** in connection herewith, including any of the following:
>
> …
>
> (iii) any claim of injury or death of any person for which Supplier [Genuine Parts Company], and subcontractor or delegee of Supplier [Genuine Parts Company] or any of their respective agents, is obligated to pay and/or to provide to its agents or employees worker's compensation benefits… (emphasis added).

Under Ohio law, as in most states, nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used. *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238, 240 (1987). Here, the parties have clearly expressed an intention that Genuine Parts Company will defend and indemnify Goodyear for claims arising out of the acts or omissions of its own employees, and for any claim for which Genuine Parts Company is obligated to pay and/or provide its employees workers' compensation benefits. This action falls squarely within that expressed intention.

Notably, there is no language in the indemnification provision that limits its application to claims arising out of *negligent* acts or omissions by a Genuine Parts Company employee. Thus, whether plaintiff's conduct at the time of the incident was negligent has no bearing whatsoever on Genuine Parts Company's obligation to defend and indemnify Goodyear. Accordingly, Goodyear's contractual indemnification claim is not "obviously unmeritorious," and the fourth factor favors allowing impleader.

22464697.v1

## CONCLUSION

Because all four relevant factors favor impleader, and because the benefits of impleader are not outweighed by any prejudice to any party, Goodyear's motion for leave to file a third-party action against Genuine Parts Company should be granted.

Dated: Buffalo, New York
April 4, 2019

GOLDBERG SEGALLA LLP

By: *s/Kenneth L. Bostick, Jr.*
Kenneth L. Bostick, Jr.
*Attorneys for Defendant*
*The Goodyear Tire & Rubber Company*
665 Main Street, Suite 400
Buffalo, New York 14203
716-566-5400
kbostick@goldbergsegalla.com

To: FLYNN WIRKUS YOUNG, P.C.
Scott R. Orndoff, Esq.
*Attorney for Plaintiff*
534 Delaware Avenue, Suite 014
Buffalo, New York 14202
716-858-3112
sorndoff@flynnwirkus.com