UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OLIVER CONOVER,

          Plaintiff,

vs.                                  Civil No.: 1:17-cv-00486

THE GOODYEAR TIRE & RUBBER COMPANY,

          Defendant.
_____

## DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY'S TRIAL WITNESS LIST

Defendant The Goodyear Tire & Rubber Company ("Goodyear"), respectfully submits this Trial Witness List pursuant to the Pretrial Order dated September 27, 2019.

### FACT WITNESSES

**1.**     **Thomas Bird**

Goodyear will call upon Thomas Bird, the store manager of the Goodyear Auto Service Center located at 1355 Main Street, Buffalo, New York on January 19, 2015, to testify in support of its liability defenses. Mr. Bird resides in Buffalo, New York.

Summary of Testimony: Mr. Bird's trial testimony will be consistent with his deposition testimony. He will testify about the efforts Goodyear undertook to maintain the premises, including the parking lot, area free of hazardous conditions. This included continuing general inspections of the parking lot area to identify ice formation and apply a de-icing agent as necessary. Goodyear also engaged a contractor to perform to remove snow in the parking lot whenever there was two inches or more of snow accumulation.

24557720.v1

Mr. Bird's testimony will establish that Goodyear did not create or have actual or constructive notice of the black ice that allegedly caused plaintiff's slip and fall. Specifically, Mr. Bird will testify that, although he has no independent recollection of the date of the incident, his custom and practice was to arrive to Goodyear between 7:00 and 7:30 a.m. each morning to open the store. He parked in the same spot every day, which required him to walk across the entire Goodyear parking lot to the customer entrance door. Mr. Bird's custom and practice was to inspect the parking lot during that time for hazardous conditions, such as the formation or accumulation of snow and ice conditions. Mr. Bird has no recollection of seeing any icy condition in the parking lot.

Mr. Bird will testify that he and his coworkers used a common-sense approach to maintenance of the parking lot throughout the day. That is, all employees continuously monitored the parking lot and customer walkways to identify and immediately remediate any icy or otherwise hazardous conditions. The store kept Ice Melt (or a similar de-icing agent) on hand to apply in those situations.

Mr. Bird does not recall receiving any complaints about the condition of the parking lot prior to plaintiff's alleged fall on the date of the incident. He did not observe the black ice plaintiff alleges he slipped on.

<u>Anticipated Length of Testimony</u>: 45 – 60 minutes.

## EXPERT WITNESSES

**1.    Richard A. Wall, Ph.D., CFA**

Goodyear may call upon Richard A. Wall, Ph.D., CFA, to testify as an economic expert. Professor Wall resides in Grand Island, New York.

<u>Summary of Qualifications</u>: Dr. Wall earned a B.S. in mathematics, economics and physics at Canisius College in 1978; he earned a Master's Degree in economics in 1979 from SUNY at Buffalo; he earned a Ph.D. in economics in 1984 from SUNY at Buffalo. Dr. Wall is a Professor of Economics at Canisius College in the Department of Economics and Finance. He has published and lectured extensively in the field of economics and has been awarded with honors from Canisius College for his scholarship, including serving as the Vice President for Academic Affairs from 2011-2015 at the request of the President of Canisius College.

<u>Summary of Testimony</u>:   Dr. Wall's testimony and opinions will be based upon his knowledge, training, and experience in the field of economics and statistics, his analysis of the pleadings, discovery, medical records, plaintiff's experts' reports and disclosures, and all deposition transcripts. Dr. Wall may also rely upon any materials included in the files of any of plaintiff's experts, and upon any and all additional information supplied at the time of trial, including trial testimony of plaintiff and plaintiff's expert witnesses. Dr. Wall will testify consistent with the content of his expert report dated January 17, 2018.

Specifically, Dr. Wall will testify regarding the various economic damages alleged by plaintiff, including but not limited to all alleged economic and non-economic losses. Dr. Wall will testify regarding plaintiff's past and future lost wages claim; the assertions, assumptions, and conclusions found in any life care plan or other report prepared for or relied upon by plaintiff; and

3

the alleged calculation of plaintiff's claims based on any record relied upon by plaintiff. Dr. Wall will also testify regarding plaintiff's alleged life expectancy and work-life expectancy.

Dr. Wall will testify that plaintiff's claims for past and future lost earnings are unsupported by fact, are based upon speculation, and do not reflect plaintiff's true pre-accident earning history. Further, Dr. Wall will testify that plaintiff's expert's projections of past and future alleged lost earnings are similarly unsupported by fact, are based upon speculation and are not reflective of plaintiff's past and future earning capabilities and earnings history.

Dr. Wall will also respond to and rebut any testimony or documents presented by plaintiff and/or plaintiff's experts during the course of trial.

Anticipated Length of Testimony: 45 - 60 minutes

2.  **Peter D. Capotosto, M.S., CRC**

Goodyear may call upon Peter D. Capotosto, M.S., CRC, to testify as a vocational rehabilitation expert. Professor Capotosto resides in Rochester, New York.

Summary of Qualifications: Professor Capotosto earned a B.S. in Sociology at SUNY Oswego in 1976 and a Master's Degree in Vocational Rehabilitation Counseling from Syracuse University in 1978. Professor Capotosto is a Certified Rehabilitation Counselor, Vocational Consultant, and Board Certified Disability Analyst. He is affiliated with several national rehabilitation and vocational organizations.

Summary of Testimony: Professor Capotosto will testify with respect to plaintiff's employability based on the pleadings, plaintiff's medical records, vocational research, labor market research, and his experience in the field of vocational rehabilitation. Professor Capotosto may also rely upon any materials included in the files of any of plaintiff's experts, and upon any and all additional information supplied at the time of trial, including trial testimony of plaintiff and

plaintiff's expert witnesses. His testimony will be consistent with the content of his expert report dated January 17, 2018.

Professor Capotosto will testify that plaintiff is employable on a full-time basis. He will testify that, from the work that he previously performed, plaintiff accumulated experience in dealing with others in a customer service capacity, in addition to customer service and administrative experience and skills from managing his rental property. He will testify that plaintiff's period of self-employment doing web design indicates that he has knowledge and skills for operating a computer and manipulating computer software that goes beyond a basic level. He will testify that plaintiff's ability to start his own web design business, as well as manage rental property, is an indication that he has some level of knowledge, experience and skills, as well as interest, pertaining to business administration. He will testify that it is significant that plaintiff prepared his own income tax forms, which requires skills pertaining to organization of information, attention to detail, the ability to compute numbers, and knowledge of income tax forms and regulations.

Professor Capotosto will testify that, utilizing wage data from the NYS Department of Labor for the Western New York Region, the U.S. Bureau of Labor Statistics and other labor market research, plaintiff's entry level earning potential is at least $21,632.00, reflecting the NYS minimum wage of $10.70 per hour; however plaintiff's minimum earning potential is more likely approximately $24,960 per year, reflecting an hourly rate of $12.00.

Professor Capotosto will testify that there are several opportunities for employment, even in plaintiff's claimed sedentary status. He will provide examples of several jobs that plaintiff is well-suited for mentally and physically, even if his subjective complaints of pain are true. He will testify that all such jobs are conducive to the incorporation of ergonomics, assistive technology

and other job accommodations. He will testify that there are available jobs that would enable plaintiff to make positional changes throughout his workday, as well as being jobs that would allow for micro breaks between tasks and avoid prolonged physical activity at any one task. Additionally, he will testify that plaintiff can expand his job skills and enhance his alternate employability by participating in professional skill enhancement classes at the adult continuing education level.

Professor Capotosto will testify that plaintiff's claims for past and future lost earnings are unsupported by fact, are based upon speculation, and do not reflect plaintiff's true pre-accident earning history. Further, Professor Capotosto will testify that plaintiff's expert's projections of past and future alleged lost earnings are similarly unsupported by fact, are based upon speculation and are not reflective of plaintiff's past and future earning capabilities and earnings history. Professor Capotosto will also respond to and rebut any testimony or documents presented by plaintiff and/or plaintiff's experts during the course of trial.

Anticipated Length of Testimony: 45 - 60 minutes

3.  **Kevin Williams**

Goodyear may call upon Kevin Williams to testify as a meteorological expert. Mr. Williams resides in Rochester, New York.

Summary of Qualifications: Mr. Williams earned a B.S. in Atmospheric Science from Cornell in 1981. He has extensive experience as a meteorologist for local news networks and publications. From 1996 to 2017, he served as the Director of Meteorology for a local news station. He is a member of the American Meteorological Society.

Summary of Testimony: If called, Mr. Williams will testify based on his review of various weather data from the date of the incident, including local climatological data and surface

observations, National Weather Service statements, surface weather charts, and Doppler radar imagery. Mr. Williams may also rely upon any materials included in the files of any of plaintiff's experts, and upon any and all additional information supplied at the time of trial, including trial testimony of plaintiff and plaintiff's expert witnesses. His testimony will be consistent with the content of his expert report dated April 23, 2018.

Mr. Williams is expected to testify that it cannot be precisely determined when new ice on a particular surface might have formed. He will testify that one can only assume, based on several variables, including the rate of temperature fall, the purity of the precipitation, the depth of the precipitation, wind, sunshine, the underlying surface, and motion. Mr. Williams will testify that climatological measurements from the Buffalo Niagara International Airport, which is located seven miles away from the Goodyear parking lot, is insufficient data to determine when ice may have formed at any specific location, let alone a location seven miles from where the data was measured.

Mr. Williams will testify that any suggestion by plaintiff of the precise time the alleged black ice formed is based on sheer speculation. Mr. Williams will also respond to and rebut any testimony or documents presented by plaintiff and/or plaintiff's experts during the course of trial.

Anticipated Length of Testimony: 30 - 45 minutes

**4.     Plaintiff's Treating Physicians**

Goodyear reserves the right to call any or all of plaintiff's treating physicians to testify with respect to plaintiff's past, current, and/or future medical treatment or lack thereof.

Dated: Buffalo, New York  
       November 12, 2019

Respectfully submitted,

GOLDBERG SEGALLA LLP

By: *s/Kenneth L. Bostick, Jr.*  
    Kenneth L. Bostick, Jr.  
    *Attorneys for Defendant*  
    *The Goodyear Tire & Rubber Company*  
    665 Main Street, Suite 400  
    Buffalo, New York 14203  
    716-566-5400  
    kbostick@goldbergsegalla.com