UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

OLIVER CONOVER,

        Plaintiff,

                                        Civil No.: 1:17-cv-00486

v.

THE GOODYEAR TIRE & RUBBER COMPANY,

        Defendant.
───────────────────────────────────────

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE OR PRECLUDE

GOLDBERG SEGALLA LLP

*Attorneys for Defendant*
*The Goodyear Tire & Rubber Company*
665 Main Street, Suite 400
Buffalo, New York 14203
(716) 566-5400
kbostick@goldbergsegalla.com

*Of Counsel:*
Kenneth L. Bostick, Jr.

24570594.v1

**PRELIMINARY STATEMENT AND BACKGROUND**

Defendant The Goodyear Tire & Rubber Company ("Goodyear"), respectfully submits this Memorandum of Law in support of its motion to strike plaintiff's Complaint in its entirety, or in the alternative, to preclude plaintiff from presenting any evidence or witnesses at trial in support of his claims for his failure to comply with the deadlines set forth in the Pretrial Order dated September 27, 2019.

This negligence action arises out of plaintiff Oliver Conover's alleged slip and fall on black ice in the parking lot area of a Goodyear Auto Service Center located at 1355 Main Street, Buffalo, New York on January 19, 2015.  A non-jury trial is scheduled to commence on December 9, 2019.

On September 27, 2019, this Court issued a Pretrial Order setting forth deadlines for the parties' pretrial submissions. The following relevant deadlines were ordered:

- Pretrial Memoranda: On or before November 4, 2019, the plaintiff shall file a trial memorandum outlining the facts expected to be proven at trial and addressing any legal issues, including evidentiary issues, that are expected to arise at trial.

- Exhibits: On or before November 4, 2019, the plaintiff shall file a list of any exhibits that it anticipates using at trial…Failure to list an exhibit may result in preclusion of that exhibit at trial.

- Witness List: On or before November 4, 2019, the plaintiff shall file a list of names and addresses (identifying only the city, town, or village, and the state) of all prospective witnesses and a brief summary of their anticipated testimony, including anticipated date and length of testimony (in hours and minutes).

- Expert Testimony: On or before November 4, 2019, the plaintiff shall provide the Court and the defendant with the identity, address (identifying only the city, town, or village, and the state), and a brief summary of the qualifications and expected testimony of any expert witness, including anticipated date and length of testimony (in hours and minutes).

Plaintiff failed to file any of the mandatory pretrial submissions on or before the November 4, 2019 deadline.  It was not until two days later, November 6, 2019, that plaintiff filed a "Trial

Memorandum." To date, plaintiff has not filed any Exhibit List, Witness List, or Expert Witness List, as required by the Court's Pretrial Order. No excuse or justification has been provided. Plaintiff has neither requested, nor been granted an extension of time to file his pretrial submissions.

**ARGUMENT**

Rule 16(f) requires compliance with pretrial orders issued by the court and authorizes the court to order sanctions against parties that fail to comply. *See* Fed. R. Civ. P. 16(f). As recognized by the Western District of New York this year, "[p]arties and their attorneys have an uncompromising duty to comply with court orders, which 'are not suggestions or recommendations, [but] are directives with which compliance is mandatory.'" Hart v. Blanchette, No. 13-CV-6458CJS, 2019 WL 1416632, at *21 (W.D.N.Y. Mar. 29, 2019) (*quoting* U.S. Bank N.A. v. SFR Investments Pool 1, LLC, 2018 WL 701816, *3 (D. Nev. 2018)). Indeed, "violations of Rule 16 are neither technical nor trivial, but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." Id. (*quoting* Martin Family Trust v. Heco/Nostalgia Enters., 186 F.R.D. 601, 603 (E.D. Cal. 1999)).

"The importance of compliance with case management orders is underscored by the applicability of sanctions even in the absence of intentional, willful, repeated, or bad faith conduct; indeed, an unexcused failure to comply with a court order is all that is required." Hart, 2019 WL 1416632, at *21. Accordingly, this Court may impose sanctions regardless of whether plaintiff's failure to comply with the Pretrial Order was willful or in bad faith. Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 368 (E.D.N.Y. 2013).

3

Under Rule 16(f), the Court is authorized to issue "any just order," including the sanctions listed in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f). Accordingly, the Court may consider the following sanctions, among others:

- Prohibiting plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence (Rule 37(b)(2)(A)(ii));

- Striking plaintiff's Complaint in whole or in part (Rule 37(b)(2)(A)(iii));

- Dismissing the action in whole or in part (Rule 37(b)(2)(A)(v)); and

- Treating as contempt of court the failure to obey the Pretrial Order (Rule 37(b)(2)(A)(vii)).

"The purpose of Rule 16 sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." Hart, 2019 WL 1416632, at *21 (*quoting*, Martinez v. New York City Health & Hosps. Corp., 2017 WL 6729296, *3 (S.D.N.Y. 2017). While Goodyear recognizes that dismissal of plaintiff's Complaint and/or preclusion of plaintiff's evidence and witnesses is a harsh sanction, it is respectfully submitted that no lesser sanction would accomplish the goals of Rule 16.

Plaintiff has offered no explanation or excuse for his flagrant disregard of the Court's Pretrial Order. Plaintiff offered no justification for the late filing of his Pretrial Memorandum or for failing to file his exhibit list, witness list, and expert witness list as directed by the Pretrial Order. Notably, plaintiff's neglect of the Pretrial Order is ongoing. Plaintiff is obviously aware of the Pretrial Order, having now submitted his Pretrial Memorandum after the deadline. Yet, he has continued to ignore the Court's remaining requirements, all to the detriment of Goodyear, which cannot adequately develop its trial strategy without advanced notice of plaintiff's proposed

witnesses and exhibits.  Indeed, the purpose of the deadlines in a final pretrial order is to "to allow the parties ample time to prepare, including addressing timely raised issues prior to trial."  Henry v. Tracy, No. 10CV800, 2014 WL 12729363, at *4–5 (W.D.N.Y. 2014).  The failure to abide by the deadlines hinders both the Court and Goodyear in their preparation.  *See* id. (denying plaintiff's eleventh hour motion *in limine* brought after the deadline set forth in the final pretrial order).

Although a finding of bad faith is not necessary for the Court to impose sanctions here, the Court should consider plaintiff's lack of any reasonable excuse for his failure to comply with the Pretrial Order when determining the proper penalty.  It appears that plaintiff has either ignored the Court's deadlines or failed to take them seriously.  Under the circumstances, Goodyear respectfully requests that plaintiff's Complaint be stricken in its entirety, or in the alternative, that plaintiff be precluded from presenting any evidence or witnesses (expert or otherwise) in support of his claims.  Certainly, plaintiff should be precluded from offering any expert or fact witnesses whose anticipated testimony has not been provided to Goodyear in sufficient detail to allow Goodyear to adequately prepare for trial.  Any lesser sanction would reward plaintiff for his total lack of deference toward the Court's deadlines.

In addition to or in alternative to the relief requested above, the Court may award attorneys' fees and other reasonable expenses for plaintiff's noncompliance.  Rule 16(f)(2) states that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 16(f)(2).  As discussed above, plaintiff's failure to comply with the Pretrial Order is not "substantially justified" and there are no other circumstances that would make an award of expenses and attorneys' fees unjust.

## **CONCLUSION**

For the reasons set forth above, Goodyear respectfully requests that the Court issue an Order: (1) striking plaintiff's Complaint in its entirety, or in the alternative, precluding plaintiff from presenting any evidence or witnesses at trial in support of his claims for his failure to comply with the Pretrial Order; (2) granting Goodyear reasonable expenses and attorneys' fees associated with this motion; and (3) such other and further relief as this Honorable Court deems just and proper.

Dated: Buffalo, New York
       November 12, 2019

Respectfully submitted,

GOLDBERG SEGALLA LLP


By: *s/Kenneth L. Bostick, Jr.*
    Kenneth L. Bostick, Jr.
    *Attorneys for Defendant*
    *The Goodyear Tire & Rubber Company*
    665 Main Street, Suite 400
    Buffalo, New York 14203
    716-566-5400
    kbostick@goldbergsegalla.com